THE PEOPLE *ex rel.* RICHARD L. COOPER, Petitioner-Appellant, *v.* CARL M. CARLSON, Respondent-Appellee.

(Nos. 74-408, 75-3 cons.;

Second District (2nd Division)—May 22, 1975.

Stephen M. Cooper, of Geneva, for appellant.

Gerry Dondanville, State's Attorney, of Geneva, and Marvin D. Dunn, of Aurora, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

Petitioner filed suit in the Circuit Court of Kane County seeking a writ of mandamus to compel defendant to permit petitioner (the publisher of a weekly newspaper in the Village of Elburn) and all members of the general public to attend meetings of the staff of the Kane County Development Committee, relating to a proposed development by Mark VII Corporation. The petition also requested an injunction prohibiting any such meetings in the future without giving the required prior public notice. This appeal is taken from an order dissolving a preliminary injunction (restraining order) and from the judgment entered after trial dismissing the suit.

This case presents a construction of the "Act in relation to meetings" (Ill. Rev. Stat. 1973, ch. 102, par. 41 *et seq.*), which is usually referred to as the open meetings act.

The Kane County Board of Supervisors established a Development Committee (formerly Zoning Committee) composed of nine members of the Board, for the purpose of considering and making recommenda-

tions to the entire Board in regard to zoning and land planning and development. That Board approved subdivision regulations which had been adopted by the Development Committee. Those regulations include provisions which set forth a procedure for submission of subdivision plats in three stages: (1) informal, preapplication conference, (2) preliminary plan, and (3) final plat; it also established subdivision standards.

To enable it to perform its functions and because its members are not necessarily technically experienced in the various fields the Development Committee created a Development Department, and engaged personnel divided into five divisions: (1) Administrative, (2) Urban Development, (3) Planning and Zoning, (4) Environmental and (5) Building Permits and Inspections. Each of these divisions is headed by a director and includes clerical and, in some instances, technical employees. The directors of the various departments have voluntarily arranged for what are called "technical staff meetings" which are scheduled most frequently on Monday of each week and occasionally on Fridays. There is no requirement for such meetings either by the County Board or the Development Committee. The meetings are held for "intradepartmental convenience" and are intended as "good staff work, so that we don't waste the time of the Development Committee" and to "assure them that * * * the rules and regulations and the law" have been complied with. From time to time one or more of these division heads go out in the field with or without developers to check boundaries and terrain of given projects. No secretary was appointed by this group to keep minutes of any of these periodic meetings or conferences. Instead, an employee of the Planning and Zoning Department who volunteered to do so takes notes at these meetings, usually in longhand but occasionally reduced to typewritten form. The only record of what transpires is "in the memories of those attending and these notes." No motions or resolutions are presented and no votes are recorded. The recommendations seem to be the result of consensus. The staff meets "most frequently on Mondays" because "the Development Committee meets every second Tuesday" and the staff has to "prepare * * * for that." Based on the discussions and other details arrived at at these meetings, it makes recommendations to the Development Committee.

It is conceded by the parties that the meetings of the Board of Supervisors and of its committees, including its Development Committee, are held in compliance with the so-called open meetings act.

The petitioner, on October 24, 1974, learned that the "staff" of the Development Committee had scheduled a meeting for Monday, October 25, at 9 A.M. with the representatives of Mark VII Corporation, a developer of a proposed "New Town" in Kane County, and requested per-

mission to attend that meeting. His request was denied, and it is admitted that petitioner and members of the public were excluded from that meeting. This suit followed.

The trial court on December 20, 1974, after considering all of the evidence, entered its order dismissing the action. In doing so the court held that the staff members did not negotiate with land developers any binding agreements as alleged in the complaint, that the staff is not a "body" within the meaning of the Illinois open meetings act and is not subject to its provisions; that it does not take "actions" or have "deliberations" within the meaning of that act, and that it would unnecessarily burden the staff to construe the act so as to include it within the meaning of the act. Petitioner contends that the trial court erred in so holding.

Section 1 of the open meetings act (ch. 102, par. 41) declares it to be the public policy that "the public commissions, committees, boards and councils and other public agencies * * * exist to aid in the conduct of the people's business" and declares "the intent of this Act that their actions be taken openly and that their deliberations be conducted openly."

Section 2 of the act (ch. 102, par. 42) provides in part as follows:

"All meetings of any legislative, executive, administrative or advisory bodies of the State, counties * * * and all other * * * boards, bureaus, committees or commissions of this State, and any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees which are supported in whole or in part by tax revenue, * * * shall be public meetings * * *".

The exceptions from its provisions which follow are not relevant here except one which will be referred to later.

There is no statute, ordinance or resolution or other official action by the County Board, or by its Development Committee, or by any committee of the County Board, designating or appointing the directors of the five divisions of the County Development Department (technical staff) as a public body or a subsidiary body. Their periodic meetings or conferences are intended to provide more efficient service to the Development Committee and to the County Board whose meetings are held in compliance with the act. Petitioner conceded during oral argument, and there is no question, that any one of the directors could freely and without application of the act meet with the chairman of the Development Committee or of the County Board or any of its members and convey his recommendations. Likewise he, or any of them, could meet with representatives of any subdivider or developer whether it be Mark VII Corporation or any other, without being subject to the act, in the

performance of his duties. However, petitioner takes the position that if any number of them, presumably three or more, meet periodically, they automatically become an "advisory committee" or "public body" giving professional advice. He calls attention to one of the exceptions specified in section 2 of the act which provides as follows:

> "This Section does not prevent an advisory committee appointed to provide a public body with professional consultation on matters germane to its field of competence from holding a closed session to consider matters of professional ethics or performance."

Petitioner argues that therefore, except as to consideration of matters of professional ethics and performance, the legislature intended by this provision to make it clear that the meetings of the technical staff of the Kane County Development Department are subject to the act.

We disagree. That provision, on the contrary, emphasizes the applicability of the act only to "an advisory committee appointed" to provide such consultation, not to employees who voluntarily, and in the interest of efficiency or "good staff work," meet together periodically in the performance of their duties, preliminarily to providing their recommendations.

If petitioner's argument were to be followed to its logical conclusion, a director of any county office or department who voluntarily decided to hold periodic meetings of his employees for the purpose of formulating recommendations to the County Board concerning improvement of the efficiency of his unit in its advisory process, would find that he would be bound to comply with the open meetings act. It is clear to us that such result was not intended.

The act is directed, as expressed in the statement of the public policy of this State, to meetings of "public commissions, committees, boards and councils and the other public agencies," and not to voluntary meetings, conferences, or whatever they may be called, of department heads or employees who seek to improve with dispatch their performance or function of assisting in the conduct of the people's business.

The California, Florida, and other cases cited by petitioner are inapposite because they all concern duly constituted public "bodies." In view of our holding here we find it unnecessary to consider other questions raised in the briefs.

Therefore, the judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.