ROCKFORD NEWSPAPERS, INC., Plaintiff-Appellant, *v.* NORTHERN
ILLINOIS COUNCIL ON ALCOHOLISM AND DRUG DEPENDENCE
*et al.*, Defendants-Appellees.

Second District   No. 77-422

Opinion filed September 15, 1978.

Thomas D. Luchetti, of Miller, Hickey & DeBruyne, of Rockford, for appellant.

Bruce C. Erickson, of Gilbert, Powers, Mateer & Erickson, of Rockford, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

The question presented herein is whether a private, not-for-profit organization, funded primarily by government agencies and required to comply with numerous government regulations, is subject to the provisions of "An Act in Relation to Meetings" (Ill. Rev. Stat. 1975, ch. 102, par. 41 *et seq.*), commonly known as the Open Meetings Act. The trial court found that the organization in this case was not subject to the provisions of the Act. We agree.

Defendant, Northern Illinois Council on Alcoholism and Drug Dependence (hereinafter known as NICADD) is a corporation organized under the provisions of the General Not for Profit Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 163a *et seq.*) and administers a number of drug and alcohol treatment programs in Winnebago and Boone counties.

On September 15, 1976, plaintiff's reporter was excluded from a regularly scheduled meeting of NICADD. As a result plaintiff filed a petition for a writ of mandamus in the circuit court of Winnebago County requesting that NICADD, its president and directors be required to hold open meetings pursuant to the "Act in Relation to Meetings." The trial court granted defendant's motion for summary judgment on the ground that NICADD was not subject to the provisions of the Act. Plaintiff appeals.

The relevant part of the Act is as follows:

"§2. All meetings of any legislative, executive, administrative or advisory bodies of the State, counties, townships, cities, villages, incorporated towns, school districts and all other municipal corporations, boards, bureaus, committees or commissions of this State, and any subsidiary bodies of any of the foregoing including but not limited to committees and subcommittees which are supported in whole or in part by tax revenue, or which expend tax revenue, shall be public meetings * * *." Ill. Rev. Stat. 1975, ch. 102, par. 42.

Plaintiff admits that NICADD is not a legislative, administrative, executive or advisory body of State or local government. Rather, it contends that NICADD is a subsidiary of such a body or bodies. Plaintiff maintains that NICADD is a government subsidiary because 90% of its funding comes from government grants and contracts and because its activities and programs are regulated and monitored by Federal, State and local governments. Plaintiff also contends that defendant should be subject to the Open Meetings Act because it operates programs that are the statutory responsibility of the Illinois Dangerous Drug Commission.

Defendant argues that it is not a subsidiary because of its formal status as a private corporation and because its personnel have no direct

relationship with the governments in question. NICADD is incorporated as a private, not-for-profit organization. Its board of directors is selected pursuant to its own bylaws and is neither elected nor appointed by any government official. The board has full authority to employ or discharge any employee and employees are not subject to State regulatory practices concerning public employees nor are they eligible for State retirement or insurance benefits.

The statute itself does not define subsidiary. Dictionary definitions of the word also fail to provide any significant guidance. Moreover, none of the cases cited by plaintiff or defendant relate directly to the question of whether a private corporation can be a subsidiary for purposes of the Act. Only one of these cases, *Town of Palm Beach v. Gradison* (Fla. 1974), 296 So. 2d 473, deals directly with the issue of what a subsidiary is. That case is easily distinguishable as it involved a Citizen's Planning Commission created by a resolution of a municipal government. That commission, unlike the private, not-for-profit corporation in the instant case, had no legal existence independent of this government resolution. Although defendant relies on *People ex' rel. Cooper v. Carlson* (1975), 28 Ill. App. 3d 569, 328 N.E.2d 675, and *Pope v. Parkinson* (1977), 48 Ill. App. 3d 797, 363 N.E.2d 438, neither case deals directly with how to define subsidiary. They merely hold that informal or advisory committees of admittedly public entities are not subject to the provisions of the Act.

We find defendant's arguments to be convincing. NICADD's formal legal nature and the independence of both its board of directors and its employees from direct government control are extremely significant factors.

■ ■ ■ Plaintiff's emphasis on the governmental sources of defendant's funding is misplaced. The amount or percentage of governmental funding of a private entity should have no bearing on whether that entity is characterized as a subsidiary for purposes of the Open Meetings Act. Although the Act itself provides that a particular entity need not be publicly funded in order to be required to hold open meetings, it does not state that public funding alone will make a particular entity subject to the Act. To imply such a statutory intent would effect large numbers of completely private entities that receive a large portion of their funding from the State. For example, a construction company that does a significant amount of road building would normally build roads pursuant to contracts with some government body. Such a company might receive up to 100% of its income from State contracts. Nevertheless, we believe that the legislature did not intend to require this type of company to open its business meetings to the public.

■ ■ ■ Plaintiff's arguments relating to the degree of government control and the nature of the functions performed by NICADD do go to

potentially relevant factors but are very weak as to this particular case. The delegation from and regulation by the government in the present case does not lead us to the conclusion that NICADD is a subsidiary for purposes of the Open Meetings Act. Governmental bodies normally contract with private companies to perform services for the public welfare, and these contracts often involve a delegation of some statutory duties to the private party. For governments to insist upon a voice in the general manner in which these services are carried out is not only normal but may be part of their responsibilities to their constituents. Such general supervision does not transform the supervised company into a subsidiary of the government. Nor does the fact that the private company's acts may be connected with a governmental function create a public body where none existed before. If it were to do so most parties contracting with the State would be subsidiaries. We cannot infer from the Act that the legislature intended such a result.

■ ■ For the reasons stated above, we conclude that the trial court correctly held that NICADD was not subject to the Open Meetings Act and subsequently affirm the judgment of the trial court.

Affirmed.

SEIDENFELD, P. J., and NASH, J., concur.